Spear, J.
The question argued is as to the sufficiency of the petition.
In support qf the complaint of error in the judgment of the circuit court it is urged that the right to pro rate did not exist because goods are not subject to be applied in satisfaction of a writ until seized in execution-; the money must be made upon the writ, and in order to make money upon a writ, a levy is requisite. Here there was no levy of the Root & McBride Brothers writs; the assignment for the benefit of creditors left nothing for these writs to .be levied 'upon, the title having passed completely to the assignee, subject only to the lien of the prior levy. Hence, the sheriff was justified in refusing to make a levy, and in returning the writs nulla bona, and therefore is not liable in any form of action to Root & McBride .Bros.
Oii the other hand it is contended that a levy of the Root & McBride Brothers’ writs was not necessaiy; and that while it may be true, as a general proposition, that an assignment for the benefit of creditors conveys to the assignee all property of the debtor and rights of action existing at the time of the assignment, yet this concession does not warrant the conclusion that the property in the possession of the sheriff by virtue of his levy under the Pischel execution passed to the assignee subject only to the lien of that levy, for this claim assumes that the property remained subject to the debtor’s right of control after it had been taken from him by the act of the sheriff in making the levy and taking possession, which ■proposition is not true, as it utterly ignores the effect of section 5382, Revised Statutes.
The section referred to is as follows :
*305 “When two or more writs of execution against the same debtor are sued out during- the term in which judgment was rendered, or within ten days thereafter, and when two or more writs of execution against the same debtor are delivered to the officer on the same day, no preference shall be given to either of such writs; but if a sufficient sum of money be not made to satisfy all execu-’ tions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands; in all other cases the writ of execution first delivered to the officer shall be first satisfied; and the officer shall indorse on every writ of execution the time when he received the same; but nothing herein contained shall be so construed as to affect any preferable lien which a judgment on which execution issued has on the lands of the judgment debtor.”
Omitting that' which does not affect the present case the provision is: “When two or more writs of execution against the same debtor are sued out during the term at which judgment was rendered, no preference shall be given to either of such writs; but if a sufficient sum of money’be not made to satisfy all executions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands.”
The section, as we find it in the Revised Statutes, was in substance enacted by the act of February 4, 1824, 22 Ohio Laws, 108, entitled ‘ ‘An act regulating judgments and executions,” and has' been the subject of frequent review. It is observed by Hitchcock, J., in Patton v. Sheriff, 2 Ohio, 396, referring to the first clause of the section, that the legislature “intended to provide for eases *306 where there were two or more judgment creditors, having equal rights and where there is no priority of lien, as when the judgments are recovered in the same term.” This holding is quoted as established law in Riddle v. Bryan, 5 Ohio, 49, and is carried with approval in the notes to Swan’s Statutes, 1841, at page 470, and the notes to Swan's & Critchfield’s Revised Statutes, at page 1069. Further like construction has been given in Wilcox v. May, 19 Ohio, 408, and Babbett v. Morgan, 31 Ohio St., 273, which holding relieves us from the necessity of entering into any reasoning to establish this construction of the statute. The work is already done to our hand. From this it follows that the judgments of Root & McBride Brothers, having been rendered at the same term with that of Fischel, have equal rights with that judgment. Equal rights without preference, looking to pro rata distribution, is the controlling idea embodied in the clause. This purpose is clearly. expressed in the words, ‘ ‘but if a sufficient sum of money be not made to satisfy all executions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands.” Having thus been accorded equal rights with the judgment of Fischel by the statute, it was not within the power of the debtor to annul the statute bj^ an assignment, nor of the sheriff by a refusal to be governed by its provisions. This the sheriff sought to do by neglecting a levy and returning the writs nulla bona. He now assigns the absence of a levy as a reason why the subsequent executions cannot pro rate. This comes with an ill-grace from one who, if this last proposition be sound, was negligent of his duty,” inasmuch as it is an attempt to take advantage of *307 his own wrong, and should be condemned for that reason. Nor was the ease altered by the fact that a levy was not demanded. The execution creditors did their whole duty when they delivered their executions into the hands of the sheriff, with a statement of their claim. It then devolved upon him to properly execute the writs.
It is insisted that, by virtue of sections 5381 £383 and 5375, a levy was necessary. True by force of 5381, the writ commands the officer, ‘ ‘that of the goods and chattels of the debtor, he cause to be made the money specified in the writ. But how could the officer make the money on the later writs so long as, by the first writ commanded, he was bound to make it on that writ, and there was no surplus? Besides, the final purpose of section 5382, as its terms import and as we have already found, being distribution, it could make no practical difference on which writ the money was made. True, also, by section 5383, “an officer to whom a writ of execution is delivered shall proceed, immediately, to levy the same upon the.goods and chattels of the debtor,” and by section 5375, “goods and chattels of the debtor shall be bound from the time they are seized in execution.” But there had been a seizure of the goods, and they were “bound,” for every practical purpose, by virtue of that seizure, for it must be held, in order to avoid giving preference to either writ, to have inured to the benefit of the later writs. How else could they be accorded equal rights? If so, then why a new levy? If any useful result were expected from such levy, it would seem proper to follow it by at least a new inventory if not a new appraisal and notice of sale, all of which would clearly be useless ceremony and entail needless *308 expense. It seems reasonable to conclude that, .where no additional goods or chattels to those already in the hands of the officer are desired to be reached, an additional levy is not contemplated by section 5382. The goods and chattels sought to be subjected to the judgments having already been seized and thus brought within the control of the law, and so made subject to sale and the proceeds to be appropriated in accordance with section 5382, the steps next to follow would be a sale under the first execution (unless sale had already been made), and distribution of the money. This distribution being required to be “to the several creditors in proportion to the amount of their respective demands,” it would clearly follow that this course of distribution could not be defeated or disturbed by an assignment by the judgment debtor. It was not for him to say that Fischel should have the entire proceeds, and Root & McBride Bros. none. The property had passed from his control, and the rights of the assignee could be no higher than those of his assignor.
True, the assignment law, section 6351, provides that the probate court shall order the payment of liens upon the property sold according to priority, and that this means p riority at the time of the assignment. But this implies that the property may be sold by the assignee, which is not the situation in our case. Besides, we have already found that the lien of the later judgment is, by force of sec ■ tion 5382, and the levy of the first execution, made equal with that in all respects as to the property seized. The levy made on the Fischel execution having covered the entire property seized before the assignment was made, nothing was left for the assignment to fasten upon. See reasoning of *309 Welsh, J., in Babbett v. Morgan, supra, at page 277. Any other construction would result in giving preference to one of the creditors, and would thus permit a failing debtor to defeat the plain well-established rule of the statute.
Attention has been called to Johnson v. Sharp, 31 Ohio St., 617; Lindeman v. Ingham, 36 Ohio St., 1; Sayler v. Simpson, 45 Ohio St., 141, and Bettz v. Snyder, 48 Ohio St., 492. An examination of these cases fails to disclose any holding inconsistent with the foregoing conclusions.
In the brief, complaint is made of the form of judgment rendered by the circuit court. But this point . was practically withdrawn at the oral hearing, and we therefore do not consider it.
The cases of Adolph Mahrer v. Root & McBride Bros., which follow this upon the docket, involve practically the same questions here disposed of, and no separate report is deemed necessary in either of those'cases.
The conclusions announced require an affirmance of the judgment of the circuit court.

Judgment affirmed.

Shauck, J., dissents.'